UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John Nesse and Tim Mackey as Trustees of the Minnesota Laborers Health and Welfare Fund, Tim Mackey and John Nesse as Trustees of the Minnesota Laborers Pension Fund, James Brady and Tammy Braastad as Trustees of the Minnesota Laborers Vacation Fund, John Bartz and Todd Pufahl as Trustees of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, Mark Ryan and Todd Pufahl as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust, the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust, | Case No: 16-CV-3446 (MJD/BRT)<br><br>**ORDER FOR<br>ENTRY OF JUDGMENT** |
| Plaintiffs, | |
| v. | |
| Macpherson-Towne Company, | |
| Defendant. | |

1

This matter was heard before the undersigned on January 19, 2017. Christy E. Lawrie of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

## FINDINGS OF FACT

1. The Complaint was filed with the Court on October 12, 2016. (Court Docket No. 1).

2. The Complaint was served on Defendant Macpherson-Towne Company ("Macpherson-Towne") on October 17, 2016. (Court Docket No. 4)

3. Macpherson-Towne failed to file an Answer with the Clerk of Court or serve an appropriate Answer upon the Funds' counsel, and the time allowed by law for Macpherson-Towne to answer the Complaint lapsed.

4. The Clerk entered Default on November 9, 2016. (Court Docket No. 8)

5. Macpherson-Towne was personally served with the Plaintiffs' Motion for Entry of Judgment on November 29, 2016. (Court Docket No. 16).

6. Plaintiffs are Trustees and fiduciaries of the Minnesota Laborers

Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust ("the Funds").

7. The Funds are multi-employer, jointly-trusteed fringe benefit plans created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5).

8. The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA").

9. The Funds are exempt from federal taxation pursuant to the Internal Revenue Code.

10. Macpherson-Towne accepted and agreed to be bound to the terms of a collective bargaining agreement between the Metropolitan Builders Division of the Associated General Contractors of Minnesota and the Concrete and Masonry Contractors Association and the Laborers District Council of Minnesota and North Dakota on behalf of its affiliated local Unions with a term of May 6, 2013 through April 30, 2016 ("CBA").

11. The CBA requires Macpherson-Towne to submit contributions to the Funds in an amount per hour specified in the CBA for each hour worked by its employees covered by the CBA.

12. The CBA requires Macpherson-Towne to set forth the amount due and owing for contributions on a remittance report form to be submitted to the Funds with its monthly payment.

13. The CBA requires Macpherson-Towne to submit the remittance report and payment to the Funds by the fifteenth day of the following month for which the contributions are due. Any employer whose remittance reports and contributions are not postmarked on or before the fifteenth is considered delinquent.

14. The CBA provides that the Funds' Trustees, or their authorized agent, have the right, at any reasonable time, to inspect a complete set of all relevant payroll and employment records, including, but not limited to federal forms W2s and W3s, Social Security, withholding, unemployment, and Workers' Compensation payment records, 1099s, and 941s, and any other records deemed necessary by the Funds.

15. The Funds' authorized agent requested that Macpherson-Towne

produce a complete set of its payroll and employment records for the period of September 1, 2015 through April 30, 2016 ("Audit Period").

16. Macpherson-Towne produced its payroll and employment records for the Audit Period and the Funds' authorized agent determined there were hours worked by Macpherson-Towne's employees covered by the CBA for which Macpherson-Towne did not submit contributions to the Funds.

17. The Funds' authorized agent reviewed the payroll and employment records prepared and produced by Macpherson-Towne and prepared an audit invoice setting forth the amounts due to the Funds for unpaid contributions for the Audit Period. The Funds' authorized agent reviewed the payroll and employment records prepared and produced by Macpherson-Towne and prepared an audit invoice setting forth the amounts due to the Funds for unpaid contributions for the Audit Period. Specifically, the Funds' authorized agent determined that $2,734.40 is due and owing to the Funds for the Audit Period.

18. The CBA provides that if a payment for contributions is not submitted to the Funds on or before the fifteenth day of the month following the month for which the contributions are due, the employer is subject to a penalty in the amount of ten percent of the contributions as liquidated damages.

19. Liquidated damages in the amount of $273.44 are due and owing to the Funds for the Audit Period.

20. The CBA further state that if Macpherson-Towne becomes delinquent, Macpherson-Towne shall be required to pay interest on all delinquent contributions at the rate prescribed by the Trustees of the Funds in the Trust Agreements.

21. The Funds' Collection Policy provides for the collection of interest at rate equal to the actuarial assumed rate of return for the Minnesota Laborers Pension Fund plus .5 percent when an auditor determines a discrepancy of five percent or greater than the total contributions remitted by the employer in a 12-month period.

22. The current actuarial assumed rate of return for the Minnesota Laborers Pension Fund is 7.5 percent. As such, the Funds are entitled to interest on the unpaid contributions at a rate of 8 percent.

23. Interest charges in the amount of $163.70 are due and owing from Macpherson-Towne for the Audit Period.

24. The CBA further provides that a delinquent employer shall be required to pay all reasonable attorneys' fees and court costs incurred by the

Funds.

25. The Funds incurred attorneys' fees and costs in pursuing this delinquency in the amount of $1,519.84.

## CONCLUSIONS OF LAW

1. Macpherson-Towne is in default and the Funds are entitled to entry of judgment.

2. Macpherson-Towne is liable to the Funds in the amount of $2,734.40 for unpaid contributions for the Audit Period.

3. Macpherson-Towne is liable to the Funds in the amount of $273.44 for liquidated damages for the Audit Period.

4. Macpherson-Towne is liable to the Funds in the amount of $163.70 for interest for the Audit Period.

5. Macpherson-Towne is liable to the Funds in the amount of $1,519.84 for attorneys' fees and costs.

## ORDER

**IT IS ORDERED:**

1. That Plaintiffs' Motion for Entry of Judgment is granted.

2. That judgment in the amount of $4,691.38 be entered against Macpherson-Towne and in favor of Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 19, 2017              BY THE COURT:

                                      s/ Michael J. Davis
                                      Michael J. Davis
                                      United States District Court